### Munzesheimer & Klein v. N. K. Fairbanks & Co.

No. 3192.

**Special Term of District Court.** — Upon the statute (Rev. Stats., art. 1128) being complied with in other respects, it is no objection to the validity of the acts of the court at a special term of a District Court that it was held by a judge of another district and at a time when the judge of the district was holding the regular term of his court in another county of his district.

Appeal from Bowie. Tried below before Hon. E. W. Terhune, Judge of the Eighth Judicial District, exchanging with Judge John L. Sheppard, Judge of Fifth Judicial District.

The opinion states the case.

*Todd & Hudgins,* for appellants.—A judge in one district may preside in another district in place of the judge of the latter district, but this does not authorize two judges to hold separate courts in the same district at the same time. Const., art. 5, sec. 7; Rev. Stats., art. 1127; Freem. on Judg., 3 ed., sec. 121, p. 116; People v. O'Neil, 47 Cal., 109; State ex rel. Butler v. Williams, 48 Ark., 227.

*Vaughan & Leary,* for appellees.—The judgment rendered in this cause by the District Court of Bowie County is a valid judgment, although it was rendered at a special term of the District Court of said county. The special term was called, provided for, and held in strict conformity to the provisions of the Constitution and of the statute passed pursuant thereto. Const., art. 5, sec. 7; Sayles' Civ. Stats., art. 1128b, secs. 1–6.

HENRY, Associate Justice.—The only assignment of error in this cause is, that "the court erred in overruling appellants' objections to being required to amend and in rendering judgment in this cause, because no regular term nor any legal special term of the District Court was in session."

It is shown by a bill of exceptions that a special term of the District Court of Bowie County had been ordered by the judge of the district to which that county belongs. At the time named for holding the special term the presiding judge of that district was engaged in holding a regular term of his court in another county belonging to his district, and at his request the judge of another district held the special term. The contention is that two terms of the court can not be held at the same time in any district.

The law provides that the judge who orders a special term "shall appoint the time for the holding of such special term at a day not less than thirty days after the adjournment of the regular term at which such order is entered, which order shall state the length of time deemed necessary for the holding of such special term." Sayles' Civ. Stats., art. 1128b, sec. 2. Many of the judicial districts of this State consist of a number of counties. Upon the termination of a term in one county, one usually begins in another without an interval of time intervening, and unless the special term can be held while a court is being held in some other county of the district the law would be of but little practical effect, as in many counties it could have no operation.

When a special term is called in the manner provided for by the statutes on the subject, and a judge qualified to hold it can be procured by observing such statutes as are applicable when the judge of the court is absent, we think it may and should be done without regard to the cause of the absence of the judge, and the court so called and organized should be held, notwithstanding another court may be lawfully in session in the same district. Rev. Stats., art. 1094. The Constitution provides that "The district judges may exchange districts, or hold courts for each other, when they may deem it expedient." Art. 5, sec. 11.

The judgment is affirmed.

*Affirmed.*

Delivered November 27, 1891.