W. E. MARX ET AL. v. H. P. WEIR.

Decided June 11, 1910.

**District Judges—Trial of Cases—General Power.**

One district judge upon the simple request of another district judge may lawfully sit and try cases pending in the court of the latter. No reason or excuse for the failure or refusal of the regular judge to preside need exist or be assigned.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*Smith & Blackshear* and *E. E. Easterling,* for appellants.—The trial by W. H. Pope was *coram non judice* and the judgment was therefore void. Jouett v. Gunn, 13 Texas Civ. App., 84; Ayres v. Duprey, 27 Texas, 602; Paschal's Digest, article 1108; Rev. Stats., art. 1071, as amended in 1897; Rev. Stats., art. 1077; Kruegel v. Nash, 72 S. W., 601; Dulaney v. Walsh, 90 Texas, 333.

*M. S. Duffie,* for appellee.—The trial court did not err in holding that the judgment rendered by W. H. Pope, judge of the 58th Judicial

District, sitting for and in place of L. B. Hightower, Jr., judge of the 60th Judicial District of Texas, at the request of the said L. B. Hightower, Jr., was a valid judgment and entitled to full force and credit. Constitution of Texas, art. V, sec. 11; Munzesheimer & Klein v. N. K. Fairbanks & Co., 82 Texas, 351; Kruegle v. Nash, 72 S. W., 601.

Judge Pope being admittingly a judge of a District Court of Texas, and the said court being a court of general jurisdiction, and the said court having acquired the jurisdiction of both the subject matter and defendants in case of M. P. Weir v. E. D. Applegate et al., the judgment would be entitled to full faith and credit, and not subject to collateral attack, and evidence aliunde will not be heard. Martin v. Robinson, 67 Texas, 368; Kramer v. Breedlove, 3 S. W., 561; Tennell v. Breedlove, 54 Texas, 540; State v. Hunter, 71 S. W., 675.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by appellee against appellants W. E. Marx and C. F. Zimmerman to recover the title and possession of a tract of 136 acres of land on the B. F. Jones league in Jasper County. Plaintiff claims through a sheriff's sale and deed made under an execution issued upon a judgment of the District Court for the 60th Judicial District of this State rendered on May 20, 1907. It is agreed by the parties that the only question involved on this appeal is the validity of the judgment just mentioned.

Appellants claim that this judgment is invalid because it was not rendered by the regular judge of the court in which the cause was tried, but by W. H. Pope, judge of the 58th judicial district. At the time this judgment was rendered L. B. Hightower, Jr., was the duly elected and qualified judge of the District Court for the 60th district, and W. H. Pope was judge of the District Court for the 58th district. For some reason not disclosed by the record, Judge Hightower was not presiding in his court at the time this judgment was rendered, and Judge Pope was so presiding at Judge Hightower's request. Judge Hightower was not disqualified to try the cause, there was no exchange of districts between said judges, and Judge Pope was not agreed upon by the parties as special judge to try said cause and was not elected by the bar of the District Court for said 60th district to preside in the absence of the regular judge, and was not appointed by the Governor as special judge to try the cause in which said judgment was rendered. No objection or protest was made by either party to said suit against its trial by Judge Pope.

Appellants' contention is that under the facts stated Judge Pope was not qualified to sit as judge in the trial of said cause and that the judgment rendered by him was *coram non judice,* and therefore void. Section 11, article IV, of the Constitution of this State contains the following provision:

"When a judge of the District Court is disqualified by any of the causes above named, the parties may by consent appoint a proper person to try said case, or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law. And the dis-

trict judges may exchange districts or hold court for each other when they may deem it expedient, and shall do so when directed by law."

Article 1108 of our Revised Statutes reads as follows: "Any judge of the District Court may hold court for or with any other district judge, and the judges of the several District Courts may exchange districts whenever they deem it expedient to do so."

The provisions of the Constitution and statutes just quoted need no construction and furnish a complete answer to appellants' contention. If there could be any doubt as to the proper construction of these provisions the question is settled by the decision of our Supreme Court in the case of Munzheimer & Klein v. Fairbanks & Co., 82 Texas, 351.

The judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writt of error refused.