### MONT HART v. THE STATE.

No. 827.    Decided February 8, 1911.

Rehearing Denied March 8, 1911.

**1.—Burglary—Exchange of District Judges—Plea in Limine.**

Where a plea objecting to the exchange of district judges was submitted without evidence, the same can not be considered on appeal; besides under Article 1108, Revised Civil Statutes, any judge of the District Court may hold court for or with any other district judge merely upon the invitation of the regular presiding judge.

**2.—Same—Continuance—Immaterial Testimony.**

Where, upon trial of burglary, the evidence showed that the defendant virtually participated in the act of the burglary and that some of the stolen goods were found in his possession, and there was no effort made on the trial to show that the defendant had been imposed upon and the stolen goods left in his house without his knowledge, there was no error in overruling his application for continuance for the want of the absence of testimony to show that the main State's witnesses had ill feeling against the defendant and stated that he would send him to the penitentiary if possible.

**3.—Same—Wife of Defendant—Continuance.**

Where defendant sought to continue the case on account of the absence of his wife, alleging that she was sick and under the care of a physician, but attached no certificate nor affidavit of any physician to his application, and did not show any diligence to procure her attendance, there was no error in overruling his motion.

**4.—Same—Evidence—Motion to Strike Out.**

Where, upon trial of burglary, defendant's codefendant turned State's evidence, there was no error in the court's refusal to strike out his testimony.

**5.—Same—Evidence—Bills of Exception.**

Where there appeared no bills of exception in the record reserved to the testimony objected to, the same can not be considered on appeal.

Appeal from the District Court of Archer. Tried below before the Hon. Jo A. P. Dickson, presiding in exchange.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Forgy* and *Taylor, Jones & Humphrey,* for appellant.—On question of objection to presiding judge: Oates v. State, 56 Texas Crim. Rep., 571.

On question of refusing continuance: Murphy v. State, 51 S. W. Rep., 940; Tull v. State, 55 S. W. Rep., 61; Clark v. State, 45 S. W. Rep., 576; Richards v. State, 34 Texas Crim. Rep., 277, 30 S. W. Rep., 229.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was sentenced to a term of two years in the penitentiary from Archer County, charged with burglary.

The appellant complains in four assignments of error of the action of the trial court, the first of which is that the court erred in overruling defendant's plea in limine, the plea alleging that Hon. A. H. Carrigan is the judge of the district in which Archer County is situate, and that he is not disqualified from trying the cause. That Hon. Jo A. P. Dickson is judge of a different district, and he is threatening to try the cause on invitation of the regular presiding judge. The plea alleges that Hon. Jo. A. P. Dickson was not appointed by the governor to hold court in Archer County; that he was not elected by the lawyers practicing at the bar to hold court in said county, and that appellant had not agreed to try said cause before said Judge. The plea was sworn to by appellant, but no proof was introduced as to the truth of the allegations contained in the plea. A plea of this kind does not prove itself, but takes evidence to sustain it, and especially would this be true when the record contradicts the plea, the order reciting:

"Monday, April 18, 1910.

"This day the Honorable District Court of Archer County was opened pursuant to adjournment, and Hon. A. H. Carrigan, District Judge of the Thirtieth Judicial District, having by mutual arrangement and for reason deemed expedient to them, exchanged districts for the time being with Hon. Jo A. P. Dickson, District Judge of the Fiftieth District; the said Hon. Jo A. P. Dickson was present and

presiding." But even if the Hon. Jo A. P. Dickson had been holding merely upon the invitation of the regular presiding judge, who on account of sickness, for business or any other reasons, preferred to vacate the bench, if the adjoining judge was willing to hold court for him, our statutes authorized him to do so. Article 1108 of the Revised Statutes reads: "Any judge of the District Court may hold court for or with any other district judge." There was no error in overruling the plea.

The appellant's next contention is that the court erred in overruling his application for continuance. Waiving the question of diligence, we do not think the testimony desired from the witnesses Joe Nash and E. B. Weeks was material. All that it is claimed it is expected to prove by the witness Nash is that prior to the burglary that Geo. Parrish, a witness for the State, had said he had it in for the defendant, and that he intended to implicate him in some trouble that would send him to the penitentiary. If the defendant, in connection with Geo. Parrish, did get implicated into a burglary, even if it was at the instance of Parrish, he would still be amenable to the law. By the witness E. B. Weeks it is stated that defendant expected to prove that he had caught the witness Parrish in connection with another, near the store in which he was clerking, about 10 o'clock at night, and he asked them if they had not been going in the store and getting goods, and they answered no, but that appellant, Mont Hart, was stealing goods, and they were laying for him and would turn him in if they caught him.

Admit that all this is true; that the witness Parrish was very bitter in his feelings and anxious to do defendant all the harm he could, and send him to the penitentiary if possible—in what way could it be evidence in this case? Eliminate the testimony of the witness Parrish, and what does the record show? Appellant went to a livery stable late in the night and hired a buggy and horse; he and the witness Parrish were seen driving away from the stable in the buggy by the witness Oscar Johnson late at night after it had rained some; the store was broken that night; a buggy had been driven to the store, making a plain track after it had rained; flour and bacon were stolen from the store; early the next morning the sheriff and a number of citizens trailed the buggy tracks, and it led, first, to the house of Parrish, where a portion of the stolen goods were found. It then led to the rear of appellant's house, and in his house more of the stolen goods were found. In the record there is no explanation of his possession of these goods. The buggy was then trailed from appellant's residence to the livery stable. Upon inquiry it was learned that appellant had hired the buggy between eleven and twelve at night, and appellant had returned the buggy about daylight next morning—the night of the burglary—and had paid for the use of the buggy. In the buggy used that night was found grease signs and salt, and on the buggy springs a "right smart grease." The horse hired by defendant

had a defect in one shoe. This was detected in the tracks of the horse drawing the buggy. In the absence of any explanation of appellant's possession of the stolen property, this is direct and positive testimony of defendant's guilt, outside of the testimony of the witness Parrish, and it would be immaterial what Parrish's state of feelings were toward appellant, or what statements he had made prior to the burglary.

The other witness named in the application was the wife of defendant, by whom he stated he expected to prove that he was at home from eleven o'clock that night until four next morning. The witness was in the town where the case was tried during the trial. It is true that in the application it is stated she was sick, and had been under the care of a physician for two or three days. No certificate or affidavit of any physician is attached to the application. No subpoena was ever issued for this witness, and no diligence shown. By the witnesses Oscar Johnson, Henry Hodges and others, appellant is shown not to have been at home, if their testimony is true, and in addition thereto it is shown by the witness Dickson and others, after his arrest, that appellant had come to them and asked if they could not say that on Thursday night before the burglary they had seen the things found in his house in their place of business. They answered they could not. In the light of all the testimony there was no error in overruling the application for a continuance.

There was no error in refusing to strike out the testimony of the witness Parrish.

While there is complaint in the motion for a new trial to the admissibility of the testimony of the witnesses M. Lea, Ed Goodwin, Charlie Martin, C. D. Williams and N. N. Ewing, there are no bills of exception in the record reserved to this testimony, and in this condition we can not pass on the question. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 8, 1911.

HARPER, JUDGE.—In this case the judgment of the District Court was affirmed at a former day of this term. Appellant has filed a motion for a rehearing, in which he complains that the court in holding that the lower court did not err in overruling his application for a continuance did not set out all that he stated he expected to prove by the witness Joe Nash, and that the court must not have considered the remainder. Defendant stated he expected to prove by the witness Nash "that his codefendant, *Goe.* Parrish, told him the said Joe Nash, in Archer City, Texas, some time during the month of March, 1910, in the pool hall, in Archer City, Texas, that he had it in for the defendant, Mont Hart, and that he intended to implicate him in some trouble that would send him to the penitentiary, and that when the said Parrish made this statement to the witness Joe Nash, that the

witness asked the said Parrish how he intended to get this defendant into trouble, and that the said Parrish told him that he could tell that this defendant was guilty of breaking into store-houses and stealing goods, and that he could get a party to help him leave some goods at the house of this defendant, and that when they were found the proof would be sufficient to convict this defendant, and that the people here in the town of Archer City would be ready and believe that the defendant had broke into some store and had stolen the goods that were found in his possession; that he can and will prove by the witness Joe Nash that he was on very intimate terms with the defendant Geo. Parrish at the time the said Parrish made this statement to him, and that the said Parrish at said time asked this said witness not to tell what he had said to him, nor to give away his scheme to catch this defendant."

Had there been any effort made on the trial of this cause to show that defendant had been imposed on, and that the stolen goods had been placed in his house without his knowledge, this testimony might have become material. But in the record there is no explanation of the defendant's possession of the stolen goods. On the other hand, the record shows that defendant approached Midford Dickson and others, after his arrest, and tried to prevail on them to testify that the goods found in his house belonged to him and were in his possession prior to the night of the burglary. The testimony sought from this absent witness, in the condition the record is brought to us, could not have been material, and, taken in connection with the evidence on the trial of the case, it is apparent the testimony would not be true. Weathersby v. State, 29 Texas Crim. App., 278; Carver v. State, 36 Texas Crim. Rep., 552; Koller v. State, 36 Texas Crim. Rep., 496.

Admit that the witness would testify that Parrish had made such statement to him, the record shows that the store was burglarized at night; that night defendant hired a buggy from a livery stable; defendant was seen to drive the buggy out of the stable; the buggy tracks were traced to the store burglarized, and from the store to defendant's residence, where a portion of the stolen goods were found. He carries the buggy back to the stable just before daylight. There are signs on the buggy showing the stolen goods had been hauled in it. Defendant tries to get witnesses to testify that he was in possession of the goods (found at his house) before the night of the burglary, and failing in this, no explanation of his possession is found in the record. Upon a trial, there must be something shown whereby the testimony of an absent witness would be material. In this record there is nothing rendering this testimony material.

The motion for rehearing is overruled.

*Overruled.*