## CONNELLEE v. BLANTON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 13, 1913. Rehearing Denied Jan. 31, 1914.)

1. JUDGES (§ 16*)—DISQUALIFICATION—CALLING IN OTHER JUDGE.

Rev. Civ. St. 1911, art. 1676, providing that, whenever any case in which the district judge is disqualified is pending, the judge shall certify that fact to the Governor, whereupon the Governor shall designate some district judge in an adjoining district to try the case, does not render it erroneous for a district judge who was disqualified to call in on his initiative a judge of an adjoining circuit to try the case; Const. art. 5, § 11, providing that district judges may exchange districts or hold courts for each other when they deem it expedient, and article 1715 of the Statutes containing a similar provision.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 46, 53–59; Dec. Dig. § 16.*]

2. LIBEL AND SLANDER (§ 36*)—PRIVILEGED COMMUNICATIONS—ABSOLUTE PRIVILEGE.

In view of Const. art. 1, § 27, declaring that citizens of a state shall have the right to apply to those invested with the power of government for redress of grievances, an application to the Governor for a pardon is absolutely privileged, and nothing therein stated, though the statement be made with malice, will expose one applying to the Governor for a pardon for an offender to an action for libel.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 114, 115; Dec. Dig. § 36.*]

Appeal from District Court, Eastland County; W. W. Beall, Judge.

Action by Thomas L. Blanton against C. U. Connellee. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

See, also, 163 S. W. 407.

D. G. Hunt, of Eastland, and J. J. Butts, of Cisco, for appellant. J. F. Cunningham, of Abilene, and Stephens & Miller, of Ft. Worth, for appellee.

DUNKLIN, J. C. U. Connellee has appealed from a judgment against him in favor of Thos. L. Blanton by which plaintiff, Blanton, was awarded damages for libel alleged in plaintiff's petition. The case was tried by the court without the aid of a jury, and the trial judge filed findings of fact, which

---

appear in the record, and none of which is assailed by appellant. The charge of libel was based upon statements contained in a letter or application, signed by defendant, addressed to Gov. O. B. Colquitt at Austin, Tex., for the pardon of one George Parvin, who had been convicted of aggravated assault upon J. R. Stubblefield. The conviction was in the district court of Callahan county, and Parvin's punishment had been fixed at imprisonment in the county jail for two months and the payment of a fine of $250, together with costs of suit.

The application for pardon contained the statement that the assault was committed in the presence of Hon. Thos. L. Blanton, the district judge who tried the case; that the assault at most was only a simple assault and should have been tried in the justice court of Eastland county, and thus prevented an accumulation of costs by reason of a great number of friends of the party injured having been induced to go to Baird where the case was tried and their attendance charged up as costs of suit. The application contains this statement: "The lick struck did not cause any bruise or erasion, and knocked Stubblefield to his knees, but did not knock him unconscious. Stubblefield got up and walked with Judge Blanton to the post office some 60 feet away, and then walked some 100 feet to a drug store. Had Parvin desired, he could have struck him a number of times, as no one interfered. But the lick he struck him was done under excitement, and without any intention of seriously harming him. But having been done in the presence of the district judge, the judge changed the venue of the case for the purpose of making the costs excessive." In plaintiff's petition in this suit the language used in the application, "the judge changed the venue of the case for the purpose of making the costs excessive," was alleged to be untrue and written and published with actual malice on the part of the defendant without any foundation whatever, and was libelous. The trial judge sustained those allegations in full, and upon that finding rendered judgment in plaintiff's favor for actual damages in the sum of $3,000, which was the full extent of the judgment. One of the conclusions filed by the trial judge reads: "The court has a discretion not to award any exemplary damages, even though said letter was written and published with actual malice, and exercising such discretion, awards none."

This suit was instituted and tried in the district court of Eastland county, and Hon. W. W. Beall, district judge of the Thirty-Second judicial district, presided at the trial. Eastland county is one of the counties which composed the Forty-Second judicial district, and plaintiff, Hon. Thomas L. Blanton, was district judge of that district. The following order entered upon the minutes of the district court of Eastland county during the January term, 1913, of that court is the only showing in the record touching the authority of Hon. W. W. Beall to preside at the trial: "January 15, 1913. Now at this time, to wit, ten o'clock a. m. January 15, 1913, all business heretofore set for disposition up to and including this date having been duly transacted, and it appearing to the court that there are three cases on the docket in which I am disqualified, having recused myself in same, to wit: No. 1,539, J. O. Bohannon v. A. C. Bennett et al.; No. 1,848, A. C. Williams v. A. C. Bennett et al.; No. 2,181, Thomas L. Blanton v. C. U. Connellee; and it further appearing that Hon. Judge of the Thirty-Second judicial district of Texas has agreed to hold this court for the purpose of disposing of said three cases, and will take charge of this court on this morning, and that all attorneys interested in the above-mentioned cases have been given due and ample notice of such arrangements, the said district court of Eastland county, Tex., is here now turned over to the said Hon. W. W. Beall, judge of the Thirty-Second judicial district of Texas, Presiding. Thomas L. Blanton, Judge Forty-Second Judicial District of Texas."

[1] Trial of the case was once postponed by Judge Beall upon the written agreement of the parties that he might do so, and, in the trial court, the only challenge of his authority to hear and determine the suit was made after judgment rendered and in appellant's motion for a new trial.

In support of an assignment of error presenting the same question here, appellant invokes article 1676, Revised Civil Statutes 1911, which reads: "Whenever any case or cases, civil or criminal, are pending, in which the district judge is disqualified from trying the same, no change of venue shall be made necessary thereby; but the judge presiding shall immediately certify that fact to the governor, whereupon, the governor shall designate some district judge in an adjoining district to exchange and try such case or cases, and the governor shall also notify both of said judges of such order; and it shall be the duty of said judges to exchange districts for the purpose of disposing of such case or cases, and, in case of sickness or other reasons rendering it impossible to exchange, then the parties or their counsel shall have the right to select or agree upon an attorney of the court for the trial thereof." Section 11, art. 5, of our state Constitution, provides: "And the district judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." Article 1715 of the Statutes is as follows: "Any judge of the district court may hold courts for or with any other district judge; and the judges of the several district courts may exchange districts whenever they may deem it expedient to do so."

Thus it will be seen that the authority of district judges to hold courts for each other when they may deem it expedient is conferred by the Constitution, and it cannot be supposed that the Legislature, in enacting article 1676 of the Statutes, intended to contravene that provision of the Constitution. In fact, it would seem from the wording of that article that the only purpose of the Legislature in enacting it was to prohibit a change of venue of any case upon the sole ground of the disqualification of the judge of the court in which the suit is filed, and thus to avoid the additional expenses of a trial incident to such change of venue. At all events, the trial of the case by Hon. W. W. Beall was authorized by the Constitution and was proper.

[2] By another assignment, in which complaint is made of the order overruling defendant's general demurrer to the plaintiff's petition, it is insisted that the application for pardon, signed by appellant and delivered to the Governor, was a communication absolutely privileged, and that nothing contained in it would be a proper basis for a judgment for damages even though defendant was prompted by malice in writing the instrument. If the communication was qualifiedly privileged only, then appellant could not escape liability because the trial judge found that it was not made in good faith, and that it was prompted by malice. 25 Cyc. 375–385. Mr. Newell, in his work on Defamation, Slander & Libel, p. 504, par. 101 (4), says: "It is the duty of all who witness any misconduct on the part of a magistrate or any public officer to bring such misconduct to the notice of those whose duty it is to inquire into and punish it; and therefore all petitions and memorials complaining of such misconduct, if prepared in good faith and forwarded to the proper authorities, are privileged. * * * Every communication is privileged which is made in good faith with a view to obtain redress for some injury received or to prevent or punish some public abuse. The privilege should not be abused. If such communication be made maliciously and without probable cause, the pretense under which it is made, instead of furnishing a defense, will aggravate the case of the defendant."

The following appears in 25 Cyc. 376: "Memorials and petitions to the Legislature for the redress of grievances are held to be absolutely privileged when pertinent to the proceedings to which the communications relate. On the other hand, it has been held that a communication made by a citizen voluntarily appearing before a legislative committee is not absolutely privileged, although it is qualifiedly privileged, if made in good faith and without malice." And on page 377 of the same volume it is noted that some authorities in this country have limited to some extent the privileges even of judicial proceedings.

In the case of Runge v. Franklin, 72 Tex. 585, 10 S. W. 721, 3 L. R. A. 417, 13 Am. St. Rep. 833, which was an action for libel based upon the contents of certain pleadings in court, our Supreme Court, after citing several authorities holding that such proceedings were absolutely privileged, called attention to the fact that other authorities hold that the absolute privilege does not extend to judicial proceedings inspired by malice and not made in good faith. The court then proceeds as follows: "Mr. Townsend, in his work on Slander and Libel, says: 'The right of appealing to the civil tribunals is more extensive than the right of appealing to the criminal tribunals, for as to the former every one has the right with or without reasonable cause for so doing to prefer his complaint, and whatever he may allege in his pleading as or in connection with his ground of complaint can never give a right of action for slander or libel. * * * The rule as thus laid down has been doubted by some, and it has been said that if the tribunal to which the complaint be made has no jurisdiction of the subject-matter, or if the defamatory matter be irrelevant to the matter in hand, or if the party complaining or defending maliciously insert defamatory matter in his pleading, that in such cases the party aggrieved may maintain his action for slander or libel. Notwithstanding the dicta to the contrary, we believe the better and the prevailing rule to be that for any defamatory matter contained in a pleading in a court of civil jurisdiction no action for libel can be maintained. The power possessed by the courts to strike out scandalous matter from proceedings before them and to punish as for contempt is considered a sufficient guaranty against the abuse of the privilege; but, whatever may be the reason, it seems certain that where there is a perversion of the privilege the policy of the law steps in and controls the individual right of redress.' Towns. on Slander & Libel, § 221. We adopt the foregoing as expressing our views upon the question. We believe it is and ought to be the law that proceedings in civil courts are absolutely privileged. Citizens ought to have the unqualified right to appeal to the civil courts for redress without the fear of being called to answer in damages for libel. Where property is attached upon false charges, or where there is a malicious prosecution in a criminal court, the law affords ample remedies for the wrong done, but not by a suit for libel." That case was followed by the Court of Civil Appeals for the Fifth District in Krugel v. Cockrell, 151 S. W. 352.

In Runge v. Franklin, supra, the following language occurs: "Proceedings in courts of justice, legislative proceedings, and petitions and memorials to Legislatures are said to be absolutely privileged. Townsend on Slander & Libel, § 209, note 2; Id., §§ 217–221; Stark on Libel & Slander, § 669, top p. 676."

Article 1, § 27, of the Constitution of our state, reads: "The citizens shall have the right, in a peaceable manner, to assemble together for their common good, and to apply to those invested with the power of government for redress of grievances or other purposes, by petition, address or remonstrance."

In 32 Cent. Dig. "Libel & Slander," § 124, several decisions are noted in which damages were sought for libel based upon statements contained in petitions to the heads of governmental departments relative to appointments to office and removal from office, in some of which cases such communications are held to be conditionally privileged only and in others that they were absolutely privileged. We are of the opinion that the right guaranteed to a citizen by the constitutional provision quoted above "to apply to those invested with the power of government for redress or grievances, or other purposes, by petition, address or remonstrance" is of equal dignity to the right to apply to a court of justice for relief; and that the same principle of public policy which supports the absolute privilege extended to judicial proceedings applies with equal force in favor of petitions to the Governor of the state for the exercise of the pardoning power, a power superior to that of the court which rendered the judgment of conviction. If the judicial proceedings which culminated in the conviction were absolutely privileged, why should not the same immunity be extended to the petition to a higher power to annul that judgment, in part? Whatever may be the rule in other jurisdictions, we are of the opinion that, under the authority of Runge v. Franklin, supra, the application made by appellant to the Governor, who was, by the Constitution, vested with authority to grant a pardon to George Parvin, was absolutely privileged, and that the court erred in overruling defendant's general demurrer to plaintiff's petition.

Accordingly, the judgment of the trial court is reversed, and, as the suit is based solely upon statements contained in the application for pardon, and as the insufficiency of plaintiff's petition cannot be cured by amendment, judgment is here rendered in favor of appellant.