CURRIE et al. v. DOBBS. (No. 2183.)

Court of Civil Appeals of Texas. El Paso.
Oct. 25, 1928.

W. N. Coombes and Geo. Sergeant, both of Dallas, for appellants.

Baskett & DeLee, of Dallas, for appellee.

HIGGINS, J. This suit was originally brought by J. D. Dobbs against J. W. Currie and J. B. Finks upon two promissory notes, in the principal sum of $250 each, executed by the defendants, to the order of W. M. Perry, secured by mortgage upon land and chattels. J. D. Dobbs died, and upon suggestion thereof appellee, Connie M. Dobbs, surviving wife and sole heir of deceased, was substituted as plaintiff. Mrs Dobbs filed an amended petition on August 26, 1925, seeking to recover upon the notes and to foreclose the mortgage, the petition being in the usual form in such actions.

September 22, 1925, the defendants answered by general denial and plea of failure of consideration for the notes sued upon. The plea is rather lengthy, but in substance it was that the notes were executed in part payment for a gasoline filling station in the city of Dallas, which was to be built and equipped by Harry Grant and then conveyed to the said Currie, but the plant, when constructed and delivered to Currie, was not fully equipped as agreed; that, while Currie took possession of the filling station on February 5, 1925, he did so relying upon the promise of Grant to install the missing equipment, which Grant failed to do; and on March 15, 1925, Currie surrendered possession of the station and elected to rescind the contract, of all of which facts relating to the partial failure of consideration J. D. Dobbs had actual and constructive notice.

On October 12, 1925, appellee filed a supplemental petition, in which she denied the allegations of the answer. On October 24, 1927, she filed an amended supplemental petition, alleging that J. D. Dobbs acquired the notes for a valuable consideration, before maturity, without notice of any infirmity, in good faith, and became the holder in due course on December 31, 1924.

The defendant Finks is district clerk of Dallas county. The suit was originally filed in the 101st district court of that county. When the case was called for trial, the judge of that court directed its transfer to the 95th district court of Dallas county. Thereupon defendants suggested that the defendant Finks was a district clerk of Dallas county, and defendant Currie was a deputy district clerk, wherefore they were disqualified to enter the order of transfer, and asked the court to appoint a clerk pro tempore for the purposes of the suit. The court refused to do so, saying that he would send the case to the 95th district court, to be tried by Judge P. C. Beard, sitting in said court, and Judge Beard could make the appointment. Thereupon the papers and docket sheet were immediately transferred to the 95th district court, and Judge Beard immediately, and before any other action was taken, appointed J. A. Hawkins as clerk pro tempore, who qualified, and who thereafter acted as clerk for the purposes of the suit. Upon trial a peremptory instruction was given in the plaintiff's favor, verdict was returned, and judgment rendered for the amount of the notes, with foreclosure of lien.

It is first objected the case was not lawfully before the 95th district court for trial, because a clerk pro tempore had not previously been appointed to enter the order of transfer. The order of transfer does not show by whom it was entered upon the minutes, and it will not be presumed that it was entered by the defendant Finks, who was disqualified from acting. On the contrary, the presumption should be indulged that the entry was made by the clerk pro tempore after he was appointed. Even if it affirmatively appeared that the entry was made by Finks, it would not invalidate the action of the 95th district court in trying the case. The 101st district court had in fact ordered the transfer, and it was the order of transfer, rather than the ministerial act of entering the order upon the minutes, that transferred the case to the 95th district. The case had been lawfully ordered transferred to the latter court, which had jurisdiction over the subject-matter of the suit, and had jurisdiction over the parties by virtue of their appearance there; so the case was properly before that court for trial, regardless of the regularity of the entry of the order of transfer.

Hon. Royall R. Watkins is the regular judge of the 95th district court, and Hon. P. O. Beard is the regular judge of the 71st district court, at Marshall, Texas. At the time Judge Watkins was presiding over his court and trying cases, Judge Beard was also sitting in said court under the provisions of chapter 156, Gen. & Sp. Acts of the 40th Legislature, Regular Session. The transfer of the

case from the 101st district to the 95th district was made under sections 21 and 22 of article 2092. It is contended by appellants that chapter 156, Acts of the 40th Legislature, is unconstitutional, as well as sections 21 and 22 of article 2092, wherefore the trial before Judge Beard was coram non judice.

Appellants cite no authority to that effect, nor do they refer to any portion of the Constitution of this state which they contend renders the laws mentioned unconstitutional. Section 11 of article 5 of the Constitution, among other things, provides:

"And the district judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."

This provision is sufficient authority in support of the laws mentioned. Munzesheimer & Kline v. Fairbanks, 82 Tex. 351, 18 S. W. 697; Marx v. Weir, 61 Tex. Civ. App. 520, 130 S. W. 621; Connellee v. Blanton (Tex. Civ. App.) 163 S. W. 404; Johnson v. State, 61 Tex. Cr. R. 104, 134 S. W. 225; Hart v. State, 61 Tex. Cr. R. 509, 134 S. W. 1178.

██ A rule of the district courts of Dallas county provides that amended pleadings shall be filed on or before three days before announcement for trial, and such pleadings, changing the cause of action or setting up new matter, when filed within three days of the announcement for trial, will be subject to be stricken out on application of the adverse party. It is asserted the court erred in filing the amended supplemental petition on the day the case was set for trial, in violation of such court rule. The qualification of the court to the bill of exception covering this matter reads as follows:

"This cause was set for trial for Monday, October 24, 1927. On that morning, upon leave of the court the plaintiff filed her first amended supplemental petition, called the attention of the attorneys for the defendants thereto and gave them a carbon copy of said plea. That on that morning this cause was called for trial, and the plaintiff announced ready for trial, the defendants, on the ground that one of the attorneys for the defendants was compelled to be out of Dallas for two or three days in court in Fort Worth, asked that this cause be passed until said attorney could return, and upon such request the said court passed the call of this cause to Friday, October 28, 1927, at which time the cause was again called for announcements and plaintiff again announced ready for trial, and this cause went to trial on said October 28, 1927, after said amended supplemental petition had been on file for more than three days."

██ It thus appears the amendment had been on file more than three days prior to the time the case actually went to trial; hence the matter complained of presents no error. Nor is there any merit in the assignment complaining of the overruling of the motion for continuance. This motion was based upon the absence of Harry Grant, then a resident of Florida, by whom it was asserted defendants excepted to show that, at the time Dobbs acquired the notes, he was fully acquainted with the fact that they were given in payment for the gasoline station, and which had not at the time of the transfer been completed, and he would also testify that the notes were bought for such a low price as to prevent Dobbs from being an innocent purchaser.

As excusing the failure to have theretofore taken Grant's deposition, it is claimed his testimony did not become material until the filing of the amended supplemental petition, setting up that J. D. Dobbs acquired the notes in due course, for value. Under section 59 of article 5935, Dobbs was to be deemed prima facie a holder in due course. Therefore the amended supplemental petition did not inject any new issue into the case. It was from the beginning incumbent upon the defendants to rebut this prima facie presumption in favor of Dobbs.

██ At the time of the transfer of the notes to Dobbs, a separate assignment was executed by the payee in the notes, and upon trial the same was admitted in evidence over objection that the same had not been pleaded nor filed with the papers in the case, etc. The notes were indorsed on the back thereof to Dobbs by the payee. This indorsement proved the transfer of the notes and lien, and it was unnecessary to introduce the separate transfer. Error in its admission, if any, is therefore harmless.

██ There is nothing in the evidence to impeach the presumption that Dobbs was the holder in due course, wherefore the court did not err in giving the peremptory instruction which is the basis of the sixth proposition.

This disposes of all assignments and propositions presented. Finding no error the judgment is affirmed.