## EUCALINE MEDICINE CO. et al. v. STANDARD INV. CO.

### No. 10485.

Court of Civil Appeals of Texas. Dallas. Jan. 25, 1930.

Rehearing Denied March 8, 1930.
On Motion for Rehearing.

Ross Scott and J. E. Gilbert, both of Dallas, for appellants.

Collins & Houston, of Dallas, for appellee.

LOONEY, J.

This appeal is from an adverse judgment against appellants in favor of Standard Investment Company, in an action on a promissory note. The case has not been briefed by appellants, their contention, made in open court, being that the record discloses fundamental, and therefore reversible error. However, affirmance may be had under the view presented in the brief filed for appellee, if the contention of appellants is not tenable.

The sole contention of appellants urged in their motion for a new trial in the court below was that the judgment was void, in that, the judge before whom the case was tried had not been legally elected to preside in the 95th judicial district, where the judgment was rendered; that said judge, the Hon. R. J. Williams, was the duly elected and qualified district judge for the 102d judicial district of Texas, sitting at the time in the 95th judicial district, of which Hon. Royal R. Watkins was the duly elected, qualified, and acting judge.

Judge Williams of the 102d judicial district was holding a concurrent term of court in the 95th judicial district under an order made by Hon. Joel R. Bond, presiding judge of the First administrative judicial district, as authorized by the provisions of chapter 156, Acts of the Regular Session of the 40th Legislature, known as the "Administrative Judicial Districts" Act. The record discloses that, at the time Judge Williams tried the case, Judge Watkins, the regular judge, was also presiding in said court, actively engaged in discharging duties as district judge.

The contention of appellants below was that the act of the Legislature, under authority of which Judge Bond, presiding judge of the administrative judicial district, assigned Judge Williams of the 102d district to the performance of duty in the 95th district, was unconstitutional; that Judge Williams was without constitutional authority to preside or render judgments in said court; and that the proceedings involved were in violation of sections 7 and 11 of article 5 of the Constitution and therefore void.

This identical question was presented to the El Paso Court of Civil Appeals in the case of Currie v. Dobbs, 10 S.W.(2d) 438, 440, and was by said court decided adversely to the contention of appellant. In that case Judge Higgins, for the court, used the following pertinent language: "Section 11 of article 5 of the Constitution, among other things, provides: 'And the district judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law.' This provision is sufficient authority in support of the laws mentioned."

In our opinion, the holding of the El Paso court is correct and the rule announced is decisive of this controversy. The case will therefore be affirmed, with judgment running against appellants and sureties upon their supersedeas bond.

Affirmed.

## On Motion for Rehearing.

We affirmed this case on authority of Currie v. Dobbs, 10 S.W.(2d) 438, from the El Paso Court of Civil Appeals, without discussing the constitutional questions involved. In support of a motion for rehearing, counsel for appellants have filed an able argument, in which they vigorously challenge the constitutionality of the Administrative Judicial Districts Act of the 40th Legislature, c. 156, and consequently the correctness of the decision of this and that of the El Paso court. Thus we are called upon to defend our position by appropriate discussion of the questions raised.

The evident purpose of the Administrative Districts Act was to relieve the congested dockets of certain district courts by requiring district judges to use their unemployed time trying and disposing of business pending in courts where dockets are congested.

The salient provisions of this act are these: The state is divided by counties into nine administrative judicial districts, and the Governor is authorized, with the advice and consent of the Senate, to designate one of the regularly elected district judges of the administrative district presiding judge thereof; the district clerk of the county of the residence of the presiding judge, in addition to his regular duties, is required to serve the administrative district as clerk. It is made the duty of the presiding judge, once each year and oftener if necessary, to call a meeting of the district judges of the several judicial districts, composing the administrative

district, for consultation and counsel as to the status of the civil and criminal business pending in the several district courts, and to arrange for its disposition. The presiding judge is authorized to assign, from time to time, any of the judges of his administrative district to hold special or regular terms of court in any county of the administrative district, under such rules as may be prescribed at the conference of district judges.

Section 5 of the act reads as follows: "Judges may be assigned in the manner herein provided for the holding of district court when the regular judge thereof is absent or is from any cause disabled or disqualified from presiding, and in instances where the regular district judge is present or himself trying cases where authorized or permitted by the Constitution and laws of the State."

Any district judge is by this act authorized to extend the regular term, and to call a special term of his court when necessary to carry out the purposes of the act, and if the term of court is extended beyond the time for convening another term of court, the latter shall not fail but shall be opened and held as usual. The presiding judge of one administrative district is authorized to call upon the presiding judge of another to furnish judges to aid in the disposition of litigation pending in any district court of the administrative district of the judge making the request.

Section 6 of the act concludes with the following language: " * * * For the trial of cases and the entry of orders and the disposition of other business necessary, the judge of any district in this State, or any District Judge sent to any district in this State by the Presiding Judge of an Administrative District, shall have power, by entering an order on the minutes, to convene a special term of the court for the disposition of the business coming before the district court."

The clerk of the administrative district is required to conduct the correspondence of the presiding judge and to keep a record of all proceedings, and cases pending in the several courts, the time when filed, the style, purpose, and final disposition, and to purchase, on approval of the presiding judge, necessary office equipment, stamps, stationery, supplies, and employ one additional deputy, if authorized by the council of judges, and all expenses incident to the business of the administrative district are to be paid pro rata by the several counties composing the administrative district out of general revenue on certificate of the presiding judge. The clerk shall also, under the direction of the presiding judge, make an annual report to the Attorney General of the State, who shall condense and make same a part of his biennial report. Judges are entitled to their actual traveling expenses while attending sessions of the judges, and when assigned to districts in counties other than their own are entitled to their living expenses while in the performance of such duties.

Appellants contend that this statute attempts to create judicial districts (composed of other districts), to be presided over by a judge, not elected by the people, but appointed by the Governor, contrary to the provisions of section 7, art. 5, of the Constitution. This section of the Constitution provides for the creation of judicial districts, and the election by qualified voters of district judges, etc. Contention is further made that the statute attempts to create new offices, to wit, presiding judges of administrative districts, and confers upon district judges chosen for such positions authority to exercise functions of same, in contravention of section 40, art. 16, of the Constitution, which forbids one to hold or exercise at the same time more than one civil office of emolument, etc.

■■ We are unable to accept these views. The act, in our opinion, was designed to accomplish no more than its caption proclaims; that is, the creation of administrative judicial districts as machinery to administer and vitalize the judicial reforms sought to be accomplished by the act. Nor is the position of presiding judge of the administrative district an office that a regularly elected district judge is forbidden by the Constitution to hold and exercise. Its functions are judicial in nature, are not inconsistent with the constitutional duties of the district judge, and should, in our opinion, be regarded simply as superadded duties that the Legislature was authorized to require district judges to perform.

The Legislature, drawing upon its reserve power, has heretofore repeatedly imposed upon members of the judiciary duties other than those imposed by the Constitution, though not inconsistent therewith, as will be observed from a short review of legislation of this nature.

There has been committed to the Supreme Court the matter of licensing attorneys to practice law, with authority to appoint and remove members of the board of examiners and to prescribe rules defining the eligibility of candidates for examination. Articles 304, 308, R. S. 1925. As attorneys are officers of court, their admission to the bar by the Supreme Court is therefore the exercise of judicial power. 4 Cyc. 900; In re Applicants for License, 143 N. C. 1, 55 S. E. 635, 636, 10 L. R. A. (N. S.) 288, 10 Ann. Cas. 187; In re Garland, 4 Wall. 333, 339, 18 L. Ed. 366, 370. The Legislature has also conferred authority upon said court to appoint its clerk, stenographers, court bailiff, and reporter. R. S. 1925, arts. 1718, 1724. It is generally held that judicial power includes the power to appoint all necessary subordinate officers and

assistants essential to the disposition of judicial business. State v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L. R. A. 297, 89 Am. St. Rep. 571; People v. Crissman, 41 Colo. 450, 92 P. 949; In re Appointment of Revisor of Statutes, 141 Wis. 592, 124 N. W. 670, 18 Ann. Cas. 1176. A statute, embodying the same principle, similar in purpose to the one under consideration, is R. S. 1925, art. 1738, making it the duty of the Supreme Court, twice each year, to equalize the dockets of the several Courts of Civil Appeals by directing the transfer of cases from courts having a greater amount of business to those having less.

In like manner, many additional duties have been imposed upon district judges. They are authorized to appoint county auditors (R. S. 1925, art. 1645), and in conjunction with the county judge constitute the juvenile board (R. S. 1925, arts. 5139, 5142); at the instance of the grand jury may appoint a committee of accountants to examine the finances of the county (R. S. 1925, art. 1638), are required to fill vacancies in the office of district clerk (R. S. 1925, art. 1895), and appoint official court reporters (R. S. 1925, art. 2321).

■ The uniform legislative practice of conferring upon courts and judges duties, judicial in nature, other than regular constitutional duties, is tantamount to a legislative construction to the effect that the Constitution neither expressly nor impliedly prohibits this class of legislation. City of Denison v. Municipal Gas Co. (Tex. Civ. App.) 257 S. W. 619, 620; 1 Cooley's Const. Lim. (8th Ed.) 151, note 1.

We therefore overrule the contention that the act violates section 7, art. 5, of the Constitution, or that the position of presiding judge of these districts is an office within the meaning of section 40, art. 16, of the Constitution.

Appellants contend further that the acts of Judge Williams, while presiding in the 95th district, and the provisions of the Administrative Judicial Districts Act that authorized the same, were forbidden by and contrary to every provision of the Constitution that authorizes a judge to preside and hold court in a district other than his own. The argument of counsel is, in effect, that jurisdiction is indivisible and individual and cannot be exercised concurrently in the same court at the same time by two judges trying different cases.

After making provision for holding special terms of district courts, also for holding court in instances where the regular judge is absent, or from any cause is disabled or disqualified to preside, or has exchanged districts with another judge, the Constitution makes the further provision in section 11, art. 5, as follows: "* * * And the district judges may * * * hold courts for each other when they may deem it expedient, and shall do so when required by law."

On the occasion under review, Judge Watkins, the regular judge of the 95th district, was neither absent, disabled, disqualified from presiding, nor had he and Judge Williams exchanged districts, but at the time Judge Williams was trying this case, Judge Watkins was also presiding in his court engaged in the trial of another case.

■ One of the cardinal rules for constitutional construction is that effect must be given, if possible, to the whole instrument and to every section and clause. Cooley's Const. Lim. vol. 1 (8th Ed.) p. 128.

■ The provision of the Constitution above quoted, evidently, was not intended to duplicate other provisions for holding court, such as when the regular judge is absent, disabled, disqualified, or has exchanged districts. The quoted provision has a distinct meaning all its own, and obviously contemplates the holding of court by one judge with another, under circumstances not elsewhere provided for in the Constitution. Unless we ascribe to it this meaning, we must conclude that the provision is futile and a needless duplication. The latter view, however, is not permissible under the applicable rule of construction, above mentioned.

We believe the doctrine of Munzesheimer v. Fairbanks, 82 Tex. 351, 18 S. W. 697 [one of the authorities cited by the El Paso court in Currie v. Dobbs (Tex. Civ. App.) 10 S.W.(2d) 438], is decisive against the contention of appellants. In that case, Judge Sheppard of the 5th district called a special term of court to be held in Bowie county, over which he requested Judge Terhune of the 8th district to preside at the same time Judge Sheppard was holding a regular term of his court in another county of the 5th district. The proceedings conducted by Judge Terhune were objected to on practically the same grounds that are urged against the validity of the proceedings conducted by Judge Williams; that is to say, while it was conceded that one district judge, under permissible circumstances, could legally preside in a district and court other than his own in lieu of the regular judge, yet it was contended that two judges were not authorized to hold separate courts in the same district at the same time. In effect, that is the question we have here, in that, the 95th district, over which Judge Watkins regularly presides, is composed alone of Dallas county; hence the objection urged in the case above mentioned, that two judges were not authorized to hold separate courts in the same district at the same time, is in legal effect the same objection urged in this case. The Supreme Court, however, denied the contention and justified the proceedings under the provisions of section 11, art. 5, of the Constitution, above quoted.

■ If, however, it should be held that the Administrative Judicial Districts Act is void, as contended by appellant, still we think the validity of these proceedings should be affirmed under article 1916 (1715) (1108) (1124), R. S. 1925, which reads: "A judge of the district court may hold court for or with any other district judge; and the judges of such courts may exchange districts whenever they deem it expedient." The language of this statute is unambiguous, explicit, and clearly means that a judge of one district may hold court for or concurrently and simultaneously with any other district judge.

It may be contended, however, that this statute is subject to the same objection urged by appellants to similar provisions of the Administrative Judicial Districts Act, but it must not be overlooked that proceedings under this article have been uniformly sustained by our courts. See Munzesheimer v. Fairbanks, 82 Tex. 351, 18 S. W. 697; Marx v. Weir, 61 Tex. Civ. App. 520, 130 S. W. 621; Johnson v. State, 61 Tex. Cr. R. 104, 134 S. W. 225; Hart v. State, 61 Tex. Cr. R. 509, 134 S. W. 1178; Connellee v. Blanton (Tex. Civ. App.) 163 S. W. 404.

■ While the record discloses that Judge Williams of the 102d district came into the 95th district, in obedience to the Administrative Judicial Districts Act, nevertheless he was not an interloper, and the fact remains that his presence in said court and the services rendered by him conformed literally to the provisions of article 1916, supra; hence all presumptions as to the regularity of the proceedings will be indulged, as courts will always indulge presumptions in support of but never to reverse a judgment. Brady v. Kreuger, 8 S. D. 464, 66 N. W. 1083, 59 Am. St. Rep. 771.

If these proceedings cannot be sustained, under the statutes referred to above, the constitutional provision that judges may hold courts for each other when they deem it expedient, and may be compelled to do so when required by law, will prove of no practical benefit to courts in counties where relief from congested dockets, such as the counties of Dallas, Tarrant, Harris, Bexar, and others, where the county constitutes the judicial district. We believe, however, and so hold, that the Constitution afforded ample authority for the enactment of these statutes.

■ However, if it be conceded that no express warrant can be found in the Constitution that authorized the Legislature to enact either or both of these statutes, still we think they should be held valid enactments under the general grant of power to the Legislature, contained in section 1, art. 3, of the Constitution, as follows: "The legislative power of this state shall be vested in a senate and house of representatives, which together shall be styled, 'The Legislature of the State of Texas.'"

■■ The American concept of constitutional government is that originally all legislative powers resided in the people, that certain of these powers were surrendered to the national government, and those not surrendered were reserved, and have been committed by the people of the states to their State Legislatures under certain limitations and restrictions. It follows therefore that the Legislature of a state in enacting statutes may exercise all the reserve powers of the people, except as expressly or impliedly limited in the Constitution. Tested by this rule, we fail to find in the Constitution any express limitation that forbade the enactment of these statutes and none will be implied, unless the failure to do so would, to some extent, defeat or frustrate the operation and effect of other provisions of the Constitution. That this is the rule of construction adopted in this state, see Ex parte Mabry, 5 Tex. App. 97, 98; Smisson v. State, 71 Tex. 233, 9 S. W. 112, 116; Werner v. Galveston, 72 Tex. 28, 7 S. W. 726, 12 S. W. 159; Lytle v. Halff, 75 Tex. 130, 12 S. W. 610; San Antonio, etc., v. State, 79 Tex. 264, 14 S. W. 1063.

In Smisson v. State, supra, the Supreme Court stated the rule as follows: "A power clearly legislative in its character, not expressly denied to the legislature, ought not * * * to be denied by implication, unless its exercise would interfere with, frustrate, or, to some extent, defeat, the exercise of a power expressly granted." These statutes not only do not tend to defeat the purpose of any kindred provision of the Constitution, but are altogether consistent with, in fact promote, the evident purpose of all other constitutional and statutory provisions, designed to insure the prompt trial and disposition of litigation.

We therefore conclude that under any view, the Administrative Judicial Districts Act, also article 1916, above quoted, are free from constitutional objection, and that the judicial proceedings under review are valid. The motion for rehearing is overruled.

Overruled.