### CYRUS W. SCOTT MFG. CO. v. HAYNIE.

No. 7870.

Court of Civil Appeals of Texas. Austin.
Oct. 4, 1933.

Rehearing Denied Oct. 25, 1933.

C. A. Teagle and Joel Cook, both of Houston, for appellant.

A. I. Sandbo, A. M. Felts, and Emmett Shelton, all of Austin, for appellee.

BLAIR, Justice.

The parties will be designated herein as appellant and appellee.

Although appellant was duly cited in this case, it failed to appear, and a judgment by default was entered with a writ of inquiry. Upon the hearing of the writ of inquiry judgment was rendered for appellee for $190 as commissions due him on goods for which he took orders or sold for appellant, and for $700 damages, alleged to be 7 per cent. of the value of goods which he could have sold under his contract of employment but for the negligence of appellant in delaying or failing to fill prior orders for goods procured by appellee, as appellant had contracted to do. Thirty-eight days after the rendition of the default judgment, but at the same term of court, appellant filed its motion to set it aside, alleging that it failed to answer because its attorney miscalculated the time it should have answered. The court overruled the motion because appellant failed to show a good excuse for not answering or making defense on the trial of the suit; hence this appeal.

Appellant does not contend in this appeal that it showed a good excuse for not answering the suit, but attacks the judgment as being void because of certain alleged fundamental errors apparent of record; the first being that the judgment is void because there is no provision either in the Constitution or statutes authorizing two district court judges to hold the same court at

the same time and place, when the regular judge is not disqualified, and without a transfer of the case to the court of the judge trying the case.

■ The record shows that the case was duly filed in the 98th district court, and that said court had jurisdiction of the cause of action; that upon the call of the docket a default judgment was entered by the Hon. J. D. Moore on appearance day, with writ of inquiry; that he immediately became engaged in the trial of another case in his court; and on the same day requested Hon. C. A. Wheeler, judge of the 53d district court, to proceed and hear the writ of inquiry, and to render judgment. This was done, and upon the filing of appellant's motion for rehearing the Hon. C. A. Wheeler held that the motion presented no excuse for failing to answer, and accordingly overruled the motion.

Section 11 of article 5 of the Constitution authorizes the foregoing procedure. It provides that "the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." The Acts of the 42d Legislature, 1st Called Sess. c. 8, p. 13 (Vernon's Ann. Civ. St. art. 199, subd. 126), creating the 126th district court, provide that the judges of the 98th, 53d, and 126th district courts "may enter judgment or order thereon in the Court in which the case is pending, without having the case transferred to the Court of the Judge acting." Section 6.

The constitutional provision above quoted has been held to authorize district judges to exchange districts "when they may deem it expedient." Munzesheimer v. Fairbanks, 82 Tex. 351, 18 S. W. 697, 698. It has also been held that under the constitutional and statutory provisions authorizing the exchange of judges whenever they deem it expedient, after impaneling a jury and hearing the pleadings read, one judge may call another to his district to preside; and after the case has proceeded to the charge of the jury, the former judge may resume charge of the case, Lancaster v. Bush (Tex. Civ. App.) 267 S. W. 339.

These and the following cases proceed upon the theory that the jurisdiction is conferred upon the district court and not upon its judge; and that the judge of another district may sit at the request of the regular judge, although the latter is not disqualified,

or is at the time holding court for the former judge, or another judge, or holding court in his own district. Johnson v. State, 61 Tex. Cr. R. 104, 134 S. W. 225; Connellee v. Blanton (Tex. Civ. App.) 163 S. W. 404; Porch v. Rooney (Tex. Civ. App.) 275 S. W. 494; Marx v. Weir, 61 Tex. Civ. App. 520, 130 S. W. 621; Hart. v. State, 61 Tex. Cr. R. 509, 134 S. W. 1178.

■ Appellant further presents as fundamental error that the pleadings are insufficient on general demurrer to sustain the judgment for $190, because they do not allege that the goods, for the sale of which appellee claimed a commission, were sold and delivered; or that the orders taken by appellee therefor were approved or filled by appellant. This contention is without merit because the pleadings allege that appellee took orders for or sold goods which appellant agreed to deliver under his contract of employment; and that appellant failed to pay the 7 per cent. commission therefor, as provided by the contract of employment.

■ Appellant further contends that fundamental error is apparent of record rendering the judgment void, because the $700 damages sought to be recovered are too remote and speculative; and because in any event appellee was not entitled to recover on the gross amount of sales or orders which he could have made or taken but for the negligence of appellant in failing to fill prior orders; but that he was only entitled to recover 7 per cent. of the amount of gross sales or orders, less his cost or expense of procuring the sales or orders. The petition is not subject to a general demurrer with regard to either complaint. It alleged that because of the failure of appellant to comply with its contract and deliver the goods sold by appellee, or for which he had taken orders, the merchants refused to give further orders to him; and that appellant had therefore breached its contract with appellee to fill all orders taken by him, to his damages in the amount of 7 per cent. commission on goods which he would have been able to sell the merchants from whom he had taken prior orders, aggregating $10,000. The pleadings may also be fairly interpreted as alleging that appellee paid all his expenses in trying to obtain additional orders or to make additional sales to such merchants.

We find no error in the trial court's judgment, and it is affirmed.

**Affirmed.**