## REDWINE et al. v. ROGERS.

### No. 11192.

Court of Civil Appeals of Texas. Galveston.

Oct. 30, 1941.

Rehearing Denied Dec. 4, 1941.

Samuel Schwartz and Lewis Fogle, both of Houston (W. P. Hamblen and A. E. Heidingsfelder, both of Houston, of counsel), for appellants.

Ernest A. Knipp, of Houston, for appellee.

CODY, Justice.

The only point urged by appellants on this appeal is that the verdict will not support the judgment.

The main suit is an action in trespass to try title to a certain lot in the City of Houston, instituted by appellee against appellants. The appellee depended for recovery upon establishing a good limitation title. Appellants answered to the main suit urging various pleas, including the plea that they owned title to the lot under the 3, 5, 10 and 25 year statutes of limitations; and appellants Heidingsfelder and Becker filed a cross-action in trespass to try title to the same lot against appellee as cross-defendant, and sought in said cross-action to recover upon a limitation title.

The jury answered all special issues submitted to them in favor of appellee and against appellants. And upon the verdict of the jury, which was copied into the judgment, the court rendered judgment as follows: "It appearing to the court that the plaintiff Walter D. Rogers is accordingly entitled to recover the title and possession of the premises described in his petition, in accordance with the findings of the jury on the special issues, it is accordingly ordered, adjudged and decreed that plaintiff, Walter D. Rogers, do have and recover of and from defendants, A. E. Heidingsfelder, E. W. Redwine and Sam W. Becker the following described land", etc.

■ Appellants have not brought up any statement of facts, so every reasonable presumption will be indulged in support of the judgment's validity. Eucaline Medicine Co. v. Standard Inv. Co., 25 S.W.2d 259, error refused; Mutual Inv. Corp. v. Hays, Tex.Com.App., 59 S.W.2d 97.

Special Issue No. 1 is a finding by the jury that appellee held the lot in question so as to mature limitation title thereto "for a period of more than ten years before the filing of the cross-action in this suit, to-wit: June 19, 1936." It is appellants' contention that, as it was necessary for appellee to recover, not upon the weakness of their title, but upon the strength of his own title, in order for him to establish a good limitation title under the ten-year statute of limitation, it was necessary for appellee to obtain from the jury a finding that he had matured a limitation for a period of ten years before the filing of the main action. And it appears that the main action was filed 27 days before the cross-action was filed.

■ The merit to appellants' contention is more apparent than real. Had there been no cross-action filed by appellants Heidingsfelder and Becker (Redwine merely claimed to have purchased the buildings on the property from appellant Heidingsfelder), it is perfectly clear that appellee would not have been entitled to a judgment on the jury's verdict. But there was a cross-action filed by said appellants. And if the verdict of the jury is any index, the trial, insofar as it concerned limitation title, was had on appellants' cross-action. Indeed the first special issue, the substance of which is given above, seems to indicate that it was a trial of appellants' cross-action. Now the trial of the question of the ownership of the lot in question, as between appellee and appellants Heidingsfelder and Becker, was presented in both the main action and in the cross-action equally. There can be no question, but that on the cross-action, according to the verdict returned by the jury and copied into the judgment, appellee was entitled to be written down, as between himself and appellants, as the owner of the lot. And he was entitled to be so written down as such owner in the judgment upon the verdict in this case. No doubt the wording of the judgment is such as is usually used where a plaintiff in trespass to try title has been adjudged title upon his petition. But a judgment will not be reversed merely because of the form of words used therein. The material thing reflected by this record is that the cross-action placed the ownership of the lot, as between appellee and appellants Heidingsfelder and Becker, in issue, and upon that cross-action appellee is entitled to have ownership of the land adjudged to him, that is, adjudged that cross-defendant go hence without day, etc.

■ Now, so far as mere form of words goes, no disposition eo nomine was made in the judgment of the cross-action. But it would scarcely be contended that a judgment awarding to a plaintiff in a main action the ownership of land did not constitute a disposition of the claim to ownership asserted by the defendant in the main action, in a cross-action.

Since appellee was entitled to prevail on appellants' cross-action, we think the judgment should not be reversed because of the form in which the judgment is drafted.

Finding no reversible error, the judgment should be affirmed, and it is so ordered.

Affirmed.