

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

February 20, 1953

Hon. Allan Shivers
Governor of Texas
Capitol Station
Austin, Texas

Opinion No. S-09

Re: Necessity that the presiding
judge of an administrative
district be redesignated when
his term as district judge is
extended by his re-election.

Dear Governor:

In your recent request for an opinion of this office, the follow-ing three questions were propounded:

"1. What is the term of a presiding judge of an ad-ministrative judicial district?

"2. If it is co-extensive with his term of district judge, is it necessary that he be re-appointed at the be-ginning of a term where he has been re-elected as dis-trict judge?

"3. Is it necessary that the presiding judge of an administrative district who has been re-elected as dis-trict judge be re-appointed as presiding judge or may an-other district judge be appointed as the presiding judge of the administrative district?"

The appropriate statutory provision is Section 2 of Article 200a, Vernon's Civil Statutes, as follows:

"Sec. 2. Immediately after this Act becomes effec-tive it shall be the duty of the Governor, with the advice and consent of the Senate, to designate one of the regular-ly elected and commissioned district judges of each of said districts as Presiding Judge of the Administrative Judicial District. Upon the death, resignation or the ex-piration of the term of office of such Presiding Judge, the Governor shall thereafter immediately designate a new Presiding Judge of the Administrative District, as in the first instance."

In _Eucaline Medicine Co. v. Standard Inv. Co._, 25 S.W.2d 259, 261 (Tex.Civ.App. 1930, error ref.), the Court expressly overruled the contention that the position of Presiding Judge of an Administrative Judicial District is an office within the meaning of the Constitution, and made the statement set out below:

> "Nor is the position of presiding judge of the administrative district an office that a regularly elected district judge is forbidden by the Constitution to hold and exercise. Its functions are judicial in nature, are not inconsistent with the constitutional duties of the district judge, and should, in our opinion, be regarded simply as superadded duties that the Legislature was authorized to require district judges to perform."

Since the designation as Presiding Judge is merely an extra duty which may be imposed upon any district judge within a given Administrative Judicial District, that duty lasts as long and no longer than any other duty of a district judge. The Presiding Judge's term is, therefore, identical with his term of office as district judge, which term of office is a period of four years, fixed by Section 7 of Article V of the Constitution of Texas.

Since the position of Presiding Judge is not a separate office, the words "term of office" in Section 2 of Article 200a can refer only to the office of district judge. The Governor is explicitly directed by the statute to designate a new Presiding Judge upon the "expiration of the term of office" of a Presiding Judge. Therefore, it becomes the duty of the Governor, with the advice and consent of the Senate, to make a designation upon the expiration of each Presiding Judge's term of office as district judge.

Upon expiration of the term of office of the Presiding Judge, the Governor is directed by the statute to designate a new Presiding Judge "as in the first instance." In such first instance, no restriction is placed upon the choice of the Governor, except that the Presiding Judge be a regularly elected and commissioned district judge of the Administrative District. Accordingly, the Governor is free to designate either the same Presiding Judge upon his re-election as district judge, or any other district judge of the Administrative District. There is no requirement that the same Presiding Judge be re-designated upon his re-election.

## SUMMARY

The term of a Presiding Judge of an Administrative Judicial District is the same as his term of office as district judge. Upon expiration of the term of office of a Presiding Judge, the Governor is directed by Section 2 of Article 200a, Vernon's Civil Statutes, to again designate a Presiding Judge, which designation may be any eligible district judge of the Administrative Judicial District.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

Willis E. Gresham
Antitrust Division

C. K. Richards
Reviewer

By *Royston S. Lanning*
Royston S. Lanning
Assistant

Robert S. Trotti
First Assistant

RSL:da