ROBERT M. PIERSON V. THE STATE.

No. 22695. Delivered February 16, 1944.

16

The opinion states the case.

*Noah Roark, Doss Hardin,* and *Baskett & Parks,* all of Dallas, for appellant.

*Dean Gauldin,* Crim. Dist. Atty., of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

For the murder of Thomas Joseph Vittrup appellant has been condemned to suffer the penalty of death. This is a second appeal. The former will be found reported in 168 S. W. (2d) 256.

The pivotal question is whether appellant has been deprived, without fault or negligence on his part, of a statement of facts and bills of exception. If so, a reversal of the conviction is mandatory. 4 Tex. Jur. p. 450, Sec. 312, and authorties there cited.

Appellant contends that he was deprived of a statement of facts and bills of exception because (a) there was no judge authorized to approve same, and (b) the judge who did approve same was not legally authorized to do so.

This case was tried in the Criminal District Court of Dallas County, at the April Term, 1943, before the Honorable Grover Adams, the duly elected, qualified and acting Judge of said Court, presiding. Said term of court, by operation of law, adjourned on July 3rd, 1943.

On the 1st day of July, 1943, Judge Adams overruled appellant's motion for new trial, to which he excepted and gave notice of appeal to this court. Sixty days from and after said date were allowed within which to file statement of facts and bills of exception. Under the provisions of Art. 760, C. C. P., appellant was entitled to ninety days from and after said date within which to file his statement of facts.

On the 25th day of August, 1943, and within the periods of time mentioned, and, before the statement of facts and bills of exception had been approved, Judge Adams died.

The vacancy thus created in the Office of Judge of the Criminal District Court of Dallas County has not been filled by election or appointment of a successor. There is not now, and has not been since the death of Judge Adams, a judge of said court.

After the death of Judge Adams, under and by virtue of the power and authority conferred by what is known as the Administrative Judicial Districts Act, and appearing as Art. 200A, Vernon's Annotated Civil Statutes, the Presiding Judge of the First Administrative District—being the district in which Dallas County is situated—assigned judges of other district courts

in said district "to the Criminal District Court of Dallas County, Texas, at Dallas, Texas, beginning on the 26th day of August, 1943, for the trial of any cases, criminal or civil, and the hearing of any motions or any orders necessary, and handling all matters of said court including the signing all papers that may come before him in said Criminal District Court, so long as he deems it necessary for such court." The judge thus assigned to the Criminal District Court of Dallas County approved the bills of exception appearing in this case. Another judge similarly assigned approved the statement of facts.

Under the facts stated, appellant contends that he has been without fault on his part, deprived of a statement of facts and bills of exception, because there is not now, and has not been since the death of Judge Adams, a SUCCESSOR judge authorized to approve said documents.

Appellant supports this contention upon the proposition that: (a) Upon the death of Judge Adams, the Office of Judge of the Criminal District Court of Dallas County became vacant. (b) No successor to Judge Adams has been appointed. (c) Only a successor to Judge Adams has authority to approve the statement of facts and bills of exception.

Appellant correctly asserts that the power to appoint a successor to a deceased district judge lies exclusively with the Governor of this State. The Constitution expresssly so provides. Art. V, Sec. 28. It is also true that the Governor has not seen proper to appoint a successor to Judge Adams, and the Office of Judge of the Criminal District Court of Dallas County is now vacant.

The question of the right or power of the Legislature to provide for the filling of the vacancy caused by the death of Judge Adams is not before us, because the Legislature has not attempted to do so, and the judges who approved the statement of facts and bills of exception did not do so as the Judge of the Criminal District Court of Dallas County, but as a judge of another district court assigned to preside over the Criminal District Court of Dallas County. In doing so, said assigned judges did not relinquish the offices they held, nor did they attempt to qualify as the successor of Judge Adams. They did not purport to act as judge de jure or de facto of the Criminal District Court of Dallas County.

The State takes issue with appellant only upon the proposition that the judge who approved the statement of facts and bills of exception was not authorized by law to do so. It asserts that such authority has been lawfully conferred by the Legislature in the passage of what is hereinafter referred to as the Amendment of 1943, amending Section 5 of the Administrative Judicial District Act, and being Chapter 22, Acts of the Regular Session, 48th Legislature, in 1943, effective February 17, 1943, and appearing as Sec. 5, Art. 200A, Vernon's Annotated Civil Statutes, and which reads as follows: "Sec. 5. Judges may be assigned in the manner herein provided for the holding of District Court when the regular Judge thereof is absent or is from any cause disabled or disqualified from presiding, and in instances where the regular District Judge is present or himself trying cases where authorized or permitted by the Constitution and laws of the State; and Judges may also be assigned in the manner herein provided for the holding of a District Court, when by reason of the death, resignation, or from any cause whatsoever, the office of District Judge of the District is or has become vacant. As amended Acts 1943, 48th Leg., p. 25, ch. 22, Sec. 1."

The validity of said Act is challenged, especially in so far as it authorizes a judge of another district court to serve as the judge of a district court which has no regularly constituted judge, the office of judge of which court is vacant.

The claimed invalidity of the Act is that it is violative of Sec. 28 of Art. V of the Constitution, which places exclusively in the hands of the Governor the power to appoint a successor to a deceased district judge, in that the Act has the effect of allowing the Legislature to fill a vacancy in the office of district judge, caused by death of the incumbent.

In determining the validity of the Amendment of 1943 as against the attack made, it is well to keep in mind two fundamental rules of construction, which are: (a) The Constitution is to be construed as a whole with a view of ascertaining the intent of its framers. Cooley's Const. Limitations (8th Ed.), Vol. I, p. 124; Ex parte Woods, 52 Tex. Cr. R. 575, 108 S. W. 1171. (b) The Legislature has the power to pass any and all such laws as to it may seem proper, save and except where limited or prohibited from so doing by the Constitution of this State or by the Constitution of the United States. 39 Tex. Jur. p. 59, Sec. 31.

Sections 1, 7, 8, 11, and 14 of Article V of the State Constitution are deemed pertinent. We refrain from quoting them, but therein the following specific provisions appear:

1. District courts were expressly recognized as a part of the judicial system of this State. (Sec. 1, Art. V).

2. The Legislature was enjoined to divide the State into as many different districts as to it appeared proper. (Sec. 7, Art. V).

3. Those district courts existing at the time of the adoption of the Constitution were expressly recognized and were to so remain until changed by the Legislature. (Sec. 14, Art. V).

4. The jurisdiction of district courts was fixed. (Sec. 8, Art. V).

5. For each district court a judge was to be elected possessing certain qualifications. (Sec. 7, Art. V).

6. The Legislature was enjoined to provide by law for the holding of district courts when the judge thereof was absent, disabled, or disqualified. (Sec. 7, Art. V); and to provide for an exchange of districts by the judges, and for the holding of courts for each other. (Sec. 11, Art. V).

It thus appear that: (a) District courts, that is, the courts themselves, the jurisdiction thereof, and the qualifications of the judges to preside over the courts, were defined and fixed by the Constitution; and (b) to the Legislature, and that body alone, was given the exclusive authority to create such courts, to fix the territorial jurisdictions thereof, and to determine the number of such courts authorized to exist in this State. The power to create district courts, of necessity, carries with it the equal power to destroy and this power of destruction is as exclusive in the Legislature as the power to create. Such power to prevent the destruction of district courts is necessary in order that the Legislature might freely and fully exercise its sovereignty over the existence of any and all district courts authorized to exist in this State.

In the exercise of the authority thus conferred by the Constitution, the Legislature has, from time to time, increased, diminished, created, and destroyed district courts. In 1893, the Legislature, recognizing that a need existed for a Criminal District Court in Dallas County, created that court (Arts. 52-1 to

52-7, C. C. P.) and defined its jurisdiction. The Legislature has not subsequently destroyed that court. It is in existence today.

The Legislature has, from time to time, made provision for the orderly and complete functioning of a court, in the absence of the regular judge of the court, or when said judge was disqualified or disabled.

Chief among the laws so passed for the purpose mentioned was the Administrative Judicial Districts Act (Art. 200A, Vernon's Annotated Civil Statutes), which made provision for the assignment of a judge of one district court to preside over and to conduct the business of another district court. The validity of this Act has been sustained. Currie v. Dobbs, 10 S. W. (2d) 438; Eucaline Medicine Co. v. Standard Inv. Co., 25 S. W. (2d) 259.

Said Act, however, contained no direct provision for the assignment of judges to another court, where a vacancy had occurred in the office of district judge by reason of the death or resignation of the incumbent.

While the Legislature knew that, upon the death of a district judge, the power to appoint a successor was in the Governor, it was also within the province of the Legislature to take notice of the condition that would exist should the Governor refrain from appointing a successor to a deceased district judge.

The Legislature also knew that the failure on the part of the Governor to appoint a successor to a deceased district judge was a matter left entirely at the discretion of the Governor in that no power existed whereby the Governor could be required to make such appointment, because the Constitution (Art. V, Sec. 3) expressly renders the Governor immune from the operation of the writ of mandamus.

It is plain, therefore, that the Governor, by failing to appoint a successor to a deceased district judge, had it within his power to render such a court powerless to perform the functions of a district court, at least from the time of death of the incumbent until the next succeeding general election, as effectually as the Legislature itself could have done by an outright destruction of the court.

Thus it appears that, prior to the enactment of the Amendment of 1943, under the Laws of this State, a district court could in effect be destroyed, at least temporarily, by forces other than the Legislature itself. This the Legislature was warranted in foreseeing and in undertaking to provide against.

The Legislature being made supreme by the Constitution in determining when a district court should be created, or an existing court destroyed, had the inherent power to pass laws to protect its sovereignty over district courts.

In the maintenance of our system of government, district courts have their place. There is no branch of our government that surpasses them in importance. Without district courts, the State and society, as we know and understand it, could not survive. If these or any of them are to be destroyed, it should be only by the one authority that has the power, under our Constitution, to do so.

By the Amendment of 1943, the Legislature has provided for the orderly functioning of a district court, notwithstanding the death of the judge thereof and the fact that the vacancy caused by such death has not been filled by appointment or election.

From what has been said, it follows that the Amendment of 1943 is valid, and that a judge of one district court assigned to preside over another district court upon the death of the judge thereof is valid and is subject to no Constitutional objection.

What we have here said is in no event to be construed as intimating that the action of the Governor in failing to appoint a successor to Judge Adams was arbitrary on his part, or with a view of destroying the Criminal District Court of Dallas County. The Amendment of 1943 having furnished a means by which said district court might function as such, without a successor to Judge Adams, the Governor as well as all others was authorized to rely upon the remedy provided therein.

This brings us to a consideration of the remaining question as to whether or not the judges assigned from other district courts to preside over the Criminal District Court of Dallas County were authorized to approve the statement of facts and bills of exception. The assigned judges having taken the place of the regular judge of the court, had such authority, unless the law specifically provided to the contrary.

Articles 2248 and 2288, R. C. S. of 1925, read as follows:

"Art. 2248. [2076] SUCCESSOR TO TRIAL JUDGE.—Any judge of a district or county court whose term of office expires before the adjournment of the term of such court at which a cause may be tried, or during the period prescribed for the filing of the statement of facts and bills of exception, or conclusions of law and fact, may approve such statement of facts and bills of exception, or file such findings of fact and conclusion of law in such cause, as provided in this title, and WHERE ANY SUCH JUDGE SHALL DIE BEFORE THE TIME FOR SUCH APPROVAL OR FILING, THE SAME MAY BE APPROVED OR FILED BY HIS SUCCESSOR, AS PROVIDED BY ARTICLE 2288."

"Art. 2288. WHEN JUDGE DIES DURING TERM.—If the judge dies during a session of court duly convened for the term and the time provided by law for holding said court has not expired, such death shall not operate to adjourn said court for the term, but the court shall be deemed at recess for not exceeding six days, and if no successor be appointed or elected during said recess, or if a person appointed or elected does not qualify and assume the duties of office during said recess, then the court shall be deemed to have adjourned. If a successor to such judge shall qualify and assume office during said recess, he may continue to hold said court for the term as provided, and all motions undisposed of shall be heard and determined by him, AND STATEMENTS OF FACTS AND BILLS OF EXCEPTION SHALL BE APPROVED BY HIM. If the time for holding such court expire or the recess expire before a successor shall qualify, then all motions pending, including those in arrest of judgment or for new trial, shall stand as continued in force until such successor has qualified and assumed office, and he shall have power to act on them at the succeeding term, or on an earlier day in vacation on notice to all parties to the motion, and such orders shall have the same effect as if rendered in term time. The time of allowing statement of facts and bills of exception from such order shall date from the time the motion was decided. [Acts 1913, p. 260.]"

Under these Articles, it is the consistent holding of this court that, where a judge of a district court dies, the statement of facts and bills of exception in a case tried by the deceased judge may be approved only by his successor. Weeks v. State, 107 Tex. Cr. R. 329, 296 S. W. 599.

As we have heretofore pointed out, the assigned judges from other district courts were not successors of Judge Adams. While

performing the functions of Judge of the Criminal District Court of Dallas County, they were not, and did not purport to be, the judge of that court.

Art. 2288, supra, however, was not in existence at the time appellant's rights here accrued, it having been expressly repealed in 1939, when the Legislature conferred the rule-making power upon the Supreme Court of this State.

In obedience to, and in the exercise of, the power conferred upon it by the Legislature to make rules governing the trial of civil cases, the Supreme Court, in 1941, incorporated the provisions of the repealed Article 2288 in Rule 18 of the Texas Rules of Civil Procedure. Said Rule 18 was in force and effect at the time of approval of the statement of facts and bills of exception, and remained as such until long after the expiration of the time allowed by law for the filing of the statement of facts and bills of exception.

Hence, appellant's rights, as well as those of the State, became fixed under the law as it existed at the expiration of ninety days from the date the notice of appeal was given, under Art. 2248, R. C. S., as well as under Rule 18 of the Texas Rules of Civil Procedure. The only authority that could approve the statement of facts and bills of exception, under the law, was a successor to Judge Adams.

The Legislature not having repealed Art. 2248, R. C. S., and the Supreme Court not having changed, by its Rule 18, the provisions of Art. 2288, R. C. S. but having incorporated the provisions of that Article in Rule 18, the construction given and the rule announced in Weeks v. State, supra, to the effect that a successor to a deceased judge alone can approve the statement of facts and bills of exception in a case tried by the deceased judge during his lifetime, is controlling here.

While it is true that the Supreme Court did, effective December 31, 1943, amend its Rule 18 to incorporate the provisions of the Amendment of 1943, whereby assigned judges might approve a statement of facts and bills of exception in cases similar to the instant case, yet this Amendment was not, and did not become, effective until long after appellant's rights had been definitely fixed in this case. Such amended Rule 18 was and is therefore ineffective here.

A statement of facts in an appealed case which is not filed within a period of ninety days from the date notice of appeal

was given cannot be considered by this court The statute (Art. 760, C. C. P.) upon this subject is mandatory. This court has always followed that mandate of the statute.

There having been no judge authorized by law to approve his statement of facts and bills of exception at a time when the law said such documents must be approved in order to be considered by this court, the appellant has been, without fault or neglect on his part, deprived of his right to have an authorized statement of facts and bills of exception before this court on appeal. No man should suffer the penalty of death at the hands of the law until he has first been accorded all his legal rights.

From what has been said, the judgment is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.