# JUNE 14, 1944

PAULINE BROWN V. THE STATE.

No. 22857. Delivered May 10, 1944.
Rehearing Denied June 14, 1944.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful killing of Margaret Stines with malice aforethought, and given a penalty of five years in the penitentiary.

The facts evidence a useless, drunken killing. A crowd of negro women had attended a wrestling match at what was called a "Sportatorium," and after fortifying themselves with whisky, which was purchased jointly by several of them, appellant seemed to become displeased with certain of her companions other than the deceased, whom she claimed were holloing in her ear, aggravating her headache. After the crowd left the "Sportatorium" appellant claimed that the deceased was following her, or walking behind her, with her hands in her pockets. She then told the deceased to walk in front of her, which the deceased failed to do. They doubtless had some words, and appellant's East Dallas Special created a wound about four inches deep into the heart of deceased, another about three inches deep near the heart, another on the head, and one in the back, from which wounds the deceased died before she reached the hospital.

There is but one bill of exceptions in the record, and only one proposition offered in appellant's brief. That relates to the fact that Judge Grover Adams, the regularly elected and qualified judge of the Criminal District Court of Dallas County, Texas, had departed this life prior to this trial, and that the Presiding Judge of the First Administrative District, of which Dallas County was a part, Judge Claude M. McCallum, had designated himself to sit in such Criminal District Court in order to dispatch its business, the Governor not having appointed a successor to Judge Grover Adams, appellant's contentions being the same as were raised in the case of Pierson v. State, 177 S. W. (2d) 975; and it is admitted, in substance, by appellant that if the Pierson case is correct in its holdings relative to the power of the presiding judge of an administrative district to supply by designation a judge to preside over a court upon the death or resignation of the regular judge, as is provided by act of the 48th Legislature, p. 25,—then there is no merit in her contention as to Judge McCallum's inability to serve as judge presiding in such Criminal District Court. We think Judge Davidson's well-considered opinion in the Pierson case, supra, properly decides this matter, and we reaffirm the views therein expressed.

The judgment herein is therefore affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in her motion for rehearing, reiterates her contention that we erred in the original disposition of this case by following the decision in Pierson v. State, 177 S. W. (2d) 975. The question here presented is identically the same as that raised in the Pierson case. However, we have again considered the question but see no good reason for receding from the opinion therein expressed. Furthermore, the decision in the Pierson case was followed in the recent case of Jones v. State, No. 22869, opinion delivered May 17th, but not yet reported (Page 398 of this volume).

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.