## HORACE JONES V. THE STATE.

No. 22869. Delivered May 17, 1944.
Rehearing Denied June 14, 1944.

The opinion states the case.

*W. E. Pinkston* and *A. S. Baskett,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant, in due time, filed a motion to quash the indictment upon two grounds: First, that it was vague, uncertain and ambiguous; and second, because Judge Grover Adams, the duly elected, qualified and acting judge of the Criminal District Court of Dallas County, Texas, had died before the indictment in this case was returned; that by reason thereof the Criminal District Court of Dallas County had no qualified judge presiding over said court to receive the indictment.

We have examined the indictment with reference to the first contention made by the appellant and reached the conclusion that it is sufficiently definite and certain in its allegations so as to apprise him of the nature of the accusation against him.

With reference to the second contention, we deem it only necessary to here refer to the well-considered opinion by Judge Davidson in the case of Pierson v. State, 177 S. W. (2d) 975, which disposes of that question adversely to him.

No bills of exception appear in the transcript. Neither is there a statement of facts accompanying the same.

It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion, we think, confuses the statute now found as Section 5, Article 200a, Vernon's R. C. S., passed at the Regular Session 48th Legislature, page 25, with Art. 5, Sec. 28, of our State Constitution, which latter provision merely authorizes the governor of the State to appoint district judges to succeed those resigned or deceased.

Under the above act of the 48th Legislature, p. 25, there is no appointment of any person to take the place of a judge, deceased or resigned. The act merely provides, among other things, as follows:

"* * * and judges may also be assigned in the manner herein provided for the holding of a district court, when by reason of the death, resignation, or from any cause whatsoever, the office of district judge of the district is or has become vacant."

We think the judge assigned by the Presiding Judge of the Administrative District was not an appointment as is contemplated by Art. 5, Section 28, of the State Constitution. We think this matter was correctly settled in the case of Pierson v. State, referred to in the original opinion, and the motion will be overruled.