## L. C. AKINS V. THE STATE.

No. 22877. Delivered June 21, 1944.
Rehearing Denied October 18, 1944.

Order Granting Defendant's Motion for Stay of Mandate Pending an Application to the Supreme Court of the United States for Writ of Certiorari filed October 19, 1944.

Mandate of United States Supreme Court, Affirming Judgment of Court of Criminal Appeals, filed July 19, 1945, in vacation.

The opinion states the case.

*Norah Roark, Doss Hardin,* and *Baskett & Parks,* all of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal comes from a death sentence on a charge of murder.

The case was before us on a former indictment and was reversed on a different question to those raised in the instant case. (See *Akens* v. State, 167 S. W. (2d) 758). The first bill of exception complains of the refusal of the court to quash the indictment and abate the prosecution. The chief grounds to support this contention is that appellant is a negro; that there was no negro on the commission appointed by the court to select jurors and grand jurors for the time during which the indictment was returned. It is also complained that the grand jury did not consist of a sufficient number of negroes to give appellant that representation to which he was entitled, based on the percentage of the negro population among the qualified voters of Dallas County. Evidence in support of this motion as copied in the bill covers about thirty pages and will not be reviewed because we do not think that there was any discrimination shown. The grand jury was composed of eleven white men and one negro, who would have been in position to give evidence to sustain any complaint that a fair consideration was not given to appellant in the investigation which led to the indictment. Apparently the question has never been before this court in just the manner found in the present record and we will not enter into a discussion of the question which has no precedent in the opinions of any court so far as we can ascertain.

The second bill of exception contains an objection to being tried in the Criminal District Court before the Honorable A. R. Stout, Judge of the 40th Judicial District, who had been transferred to said court. The question here raised has been decided adversely to appellant's contention in Pierson v. State, 177 S. W. (2d) 975, and Jones v. State, No. 22869, not reported at this time (147 Texas Crim. Rep.398.)

Bill of Exception No. 4 complains of the refusal of the court to instruct the jury to return a verdict of not guilty. The court properly refused the request and the jury found the accused guilty and assessed the death penalty. There is evidence to show conclusively that appellant killed the deceased Morris; that he intentionally shot him with a pistol while they were engaged in an altercation; and that he did so with malice aforethought.

In connection with the foregoing, we will give a brief summary of the evidence. The deceased was a member of the city

police force. While off duty and not in uniform, he and his wife had attended a show and as they were boarding a street car for home, appellant pushed in ahead of Mrs. Morris, shoving her back or to one side. The deceased caught him by the arm and requested him to wait. Instead, appellant attacked Morris with his knife, with the result that Morris drew his gun, struck appellant and shot him. In the scuffle between them, Morris lost his pistol and appellant grabbed it and shot Morris in the back as he was attempting to board the car. The wound was fatal. Appellant took the pistol and made way to the city hall, where he surrendered and gave his version of what took place. As would be expected, a great number of witnesses, some on and some off the car, testified as to the things which occurred and there is not complete harmony between them. All of this went before the jury and no doubt was given full consideration by it. There is no serious conflict between the evidence of the prosecution and defense. The jury accepted the State's evidence as correct and, having done so, this court has no power to set aside the jury's finding.

We have carefully considered the evidence in the case and while the extreme penalty might not have been assessed by other juries, as was the case in the first trial, yet the twelve men particularly selected in this case had the exclusive responsibility of fixing the penalty. They had the witnesses before them and had the privilege of judging their credibility and of the reasonableness of the things they detailed regarding the case. The trial court carefully conducted the case before the jury and nothing is presented warranting a reversal of the case by this court.

The judgment of the trial court is affirmed.

ON MOTION FOR RE HEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant again asserts that there was discrimination against him because he belonged to the negro race, although there was a negro on the grand jury which returned the present indictment. He requests that we re-examine his brief on this point and his bill of exception number one in which is incorporated the evidence presented on the motion to quash the indictment. We have complied with his request but fail to find any evidence of discrimination. On the contrary, the evidence shows an effort on the part of the authorities to

526

comply with the holding of this court and of the Supreme Court of the United States upon the question of discrimination.

Appellant renews his complaint of being tried before the Judge of the 40th Judicial District who had been transferred to hold trial court. This complaint involves the very question decided adversely to appellant's contention in Pierson v. State, 177 S. W. (2d) 975. We refer to the opinion in that case for the reasons upon which were based the conclusion that appellant's position cannot be maintained. The Pierson case was followed in Fuller v. State, 180 S. W. (2d) 361; Jones v. State, 181 S. W. (2d) 75; Brown v. State, 181 S. W. (2d) 93.

The two points mentioned are those particularly stressed in appellant's motion. Other questions adverted to are not thought to call for discussion.

The motion for rehearing is overruled.

ORDER GRANTING STAY OF MANDATE.

HAWKINS, Presiding Judge.

Upon consideration of the motion of the appellant L. C. Akins, for an order staying the mandate herein pending an application to the Supreme Court of the United States for a writ of certiorari, it is here now ordered that said motion be granted, and that the mandate in this cause be, and the same is hereby stayed until the Supreme Court of the United States passes upon said application of the appellant L. C. Akins for a writ of certiorari to be made to said Supreme Court on behalf of the appellant L. C. Akins, provided, however, that said application is filed in said Supreme Court within ninety days from and after this date.

This, the 19th day of October, A. D. 1944.