## MILTON ELDRIDGE HALEY V. THE STATE.

No. 23929. Delivered February 11, 1948.

No attorney of record on appeal for appellant.

*Will R. Wilson, Jr.*, District Attorney, and *Henry Wade* and *George P. Blackburn,* Assistant District Attorneys, both of Dallas, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant pleaded guilty before the District Judge to the offense of forgery and was by him assessed a penalty of two years in the state penitentiary, from which he appeals.

Appellant filed a plea in bar and presents such plea again by a bill of exception, same being based upon the following facts: Judge W. L. Thornton, Presiding Judge of the First Administrative Judicial District of Texas, by his order dated September 22, 1947, designated Judge A. R. Stout, Judge of the 40th Judicial District of Ellis County, Texas, to assist in the disposition of accumulated criminal cases in the Criminal District Court of Dallas County, Texas, and the Criminal District Court No. 2 of Dallas County, Texas, for the period beginning September 22, 1947. Appellant contends that such order is void because of the fact that Judge Stout was appointed to preside over two similar courts at the same time; and again, because Judge Henry King and Judge Robert Hall were each at such time presiding over their respective courts at the time that Judge Stout was called upon to function in such dual capacity in such courts. This matter has been before this court recently in cases from Dallas County in regard to previous trials by the same Judge A. R. Stout, and we have upheld the appointment of the same Judge of the 40th Judicial District to try accumulated cases in the Criminal Courts of Dallas County. See Pierson v. State, 147 Tex. Cr. R. 15, 177 S. W. (2d) 975; Akins v. State, 148 Tex. Cr. R. 523, 182 S. W. (2d) 723; Jones v. State, 147 Tex. Cr. R. 398, 181 S. W. (2d) 75.

It is contended that two judges cannot function at the same time for a district court; that is, Judge Robert Hall, the regular judge for the Criminal District Court of Dallas County, was trying a criminal case in such district at the same time that Judge Stout was trying the present case which was filed in Judge Hall's court.

In 25 Tex. Jur. p. 348, sec. 98, it is said:

"A judge may go into another district for the purpose of holding court concurrently with the regular elected incumbent, it being said that there is no legal reason why two courts or two

judges may not sit at the same time in the same courthouse. It is also the rule that a special term of court may be held by a substitute judge notwithstanding the fact that the duly elected incumbent is holding a regular term in another county of the district."

In the early case of Oliver v. State, 70 Tex. Cr. R. 140, 159 S. W. 235, it was held that the regular judge of a district court could hold a session and dispose of business while another properly present district judge was trying a case in the same district and courthouse.

We quote Section 5 of Article 200a of Vernon's Annotated Revised Civil Statutes of Texas (1925), Volume 1, as follows:

"Judges may be assigned in the manner herein provided for the holding of District Court when the regular Judge thereof is absent or is from any cause disabled or disqualified from presiding, and *in instances where the regular District Judge is present or himself trying cases where authorized or permitted by the Constitution and laws of the State;* and Judges may also be assigned in the manner herein provided for the holding of a District Court, when by reason of the death, resignation, or from any cause whatsoever, the office of District Judge of the District is or has become vacant." (Italics ours.)

It is also contended that Judge Stout could not sit in both Criminal District Courts at the same time, and therefore, that the order empowering him to do such is void. An answer to this would seem to be that it is agreed that he only sat in one of such courts in the trial of this cause, to-wit, in Judge Hall's court.

It is further contended that the order of Judge W. L. Thornton creates two new and additional District Courts for Dallas County, and that such order is an invasion by the Judiciary and an infringement of the legislative prerogative of a creation of such courts only by legislative acts. We think the fallacy of such reasoning will be found in a reading of the order itself.

The judgment of the trial court is affirmed.